73 F.3d 370
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Maurice L. TURNER, Plaintiff-Appellant,
v.
Irene BROWN; Nellie Brown Turner-Thompson, Defendants-Appellees.
 No. 95-15367.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1995.
Decided Dec. 27, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Maurice Turner appeals pro se the district court's dismissal for lack of subject matter jurisdiction of his action against Irene Brown which alleged his First Amendment "freedom of choice" right was violated when he was not advised of the terms of an agreement covering the distribution of assets of the estate of Nellie Brown.
 
 
 3
 To state a claim under 42 U.S.C. Sec. 1983, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the United States Constitution or the laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Turner fails to show that there was state action, or that he was deprived of a constitutional right. We agree with the district court that Turner has failed to establish a First Amendment violation. Furthermore, there was no other basis for jurisdiction, such as diversity. Accordingly, the district court's dismissal for lack of jurisdiction is
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3